UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RICHARD NAU,<br>    Plaintiff, | :<br>:<br>: | |
| v. | : | No. 3:21-cv-1155 (VLB) |
| KRISTINE BARONE, et al.,<br>    Defendants. | :<br>:<br>:<br>: | |

**MEMORANDUM OF DECISION DENYING
PLAINTIFF'S MOTION FOR RECONSIDERATION [DKT. 16]**

I.  **Factual and Procedural Background**

Plaintiff, Richard Nau, currently confined at Corrigan-Radgowski Correctional Center in Uncasville, Connecticut, filed a complaint *pro se* under 42 U.S.C. § 1983. Plaintiff's complaint consists of two unrelated sets of claims arising out of separate and distinct sets of fact. The first set relates to head shaving and the second set relates to the denial of a bottom bunk pass. On October 4, 2021, the court issued an Initial Review Order dismissing the head shaving claims and permitting the bottom bunk pass claims to proceed. *See* Doc. #10. Plaintiff then sought to appeal the dismissal. As the claims are factually distinct, on October 27, 2021, the Court entered a partial judgment on the head shaving claims, *See* Doc. #15. On the day partial judgment entered, Plaintiff filed a notice of appeal and this motion for reconsideration of the dismissal of the head shaving claims.

II.  **Legal Standard**

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to

controlling decisions or data that the court overlooked—matters, in other words, that might be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). The standard is strict "to ensure the finality of decisions and to prevent the practice of a losing party examining the decision and then plugging the gaps of a lost motion with additional matters." *Great Am. Ins. Co. v. Zelik*, 429 F. Supp. 3d 284, 286 (S.D.N.Y. 2020) (citation and internal quotation marks omitted). Thus, reconsideration is warranted only if the moving party "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id.* (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted).

This district's Local Rules state that: "Such motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order" and require that the motion "be accompanied by a memorandum setting forth concisely the controlling decisions or data the movant believes the court overlooked." D. Conn. L. Civ. R. 7(c)1. In addition, a motion for reconsideration must "be filed and served within seven (7) days of the date of the filing of the decision or order from which such relief is sought." *Id.*

III.   Discussion

Plaintiff's motion is untimely. He seeks reconsideration of the Initial Review Order which was filed on October 4, 2021. Thus, plaintiff had seven days, until October 11, 2021, to file his motion for reconsideration. Plaintiff's motion is dated

October 26, 2021 and was filed on October 27, 2021, over two weeks too late. The court notes that plaintiff drafted a motion for extension of time to appeal on October 20, 2021. Thus he was aware of the court's decision prior to that date but did not file his motion for reconsideration or seek an extension of time within which to do so.

In addition, plaintiff's motion would be denied on the merits. In the Initial Review Order, the Court considered plaintiff's claims regarding shaving his head both as unconstitutional conditions of confinement and deliberate indifference to medical needs. In the motion for reconsideration, plaintiff focuses on the Court's failure to conclude that he suffered a serious medical need.

Plaintiff alleged only that he suffered cuts and scrapes on his scalp that caused some bleeding and scars. In the Initial Review Order, the Court noted that cuts that do not require sutures, do not bleed profusely, and do not become infected are not considered serious medical needs to support a deliberate indifference to medical needs claim. Neither plaintiff's complaint nor his motion for reconsideration allege that any serious medical consequence resulted from the head shaving. He does not allege the head shaving caused him to bleed profusely or that his wounds became infected. Plaintiff instead argues that the Court should have assumed that, because the cuts left scars, they bled profusely and that he was at risk of infection. Plaintiff provides no authority for his assumption that scarring is a sign of profuse bleeding. In fact, it is well within common knowledge that a cut or abrasion may leave a scar without bleeding profusely. As plaintiff failed to allege such facts and the facts he alleges do not justify the inference of

3

bodily harm creating a serious medical need, he has not identified data overlooked by the court.  It appears that plaintiff is merely attempting to plug gaps in his complaint after reading the Court's order.  As this is not the proper use of a motion for reconsideration, the motion is denied as to the medical claim.

Plaintiff also argues that the Court considered his claim against defendant Mulligan to concern only the denial of mirrors.  He now states that he also asserts claims for failure to address medical needs, back injury, bottom bunk pass, and failure to investigate grievances against him.  Defendant Mulligan is described as a District Administrator.  The only allegations against him relate to the denial of plaintiff's level 2 grievance regarding the mirrors.  Thus, the Court considered this the only claim against defendant Mulligan.  Again, plaintiff identifies no facts overlooked by the Court in analyzing the claim.  Plaintiff's motion for reconsideration is denied as to the claim against defendant Mulligan.

Further, where a plaintiff asserts claims that do not arise out of the same occurrence or transaction, the Court may sever such claims.  *Kalie v. Bank of America Corp.,* 297 F.R.D. 552, 554 (S.D.N.Y. 2013).  Inclusion of such independent claims may be prejudicial to the defendant(s) and confusing to the jury.  That would be the case here where Plaintiff appears to attempt to include claims arising out of separate unrelated incidents in a single complaint. Claims arising out of each distinct occurrence should be plead in separate or discrete complaints. Even if the additional claims mentioned in plaintiff's motion for reconsideration were properly pled, the Court would have severed them by dismissal enabling Plaintiff to assert them in a separate lawsuit. *See* Fed. R. Civ. P. 20(a)(2) and 21; *Deskovic v. City of*

*Peekskill*, 673 F. Supp. 2d 154 (S.D.N.Y. 2009) (severing the plaintiff's assault claims against a correction officer from claims against various state actors relating to the plaintiff's conviction, finding such claims are improperly joined).

Plaintiff's motion for reconsideration [Doc. #16] is DENIED as untimely filed and denied on its merits.

SO ORDERED.

Dated this the 28th day of December 2021 at Hartford, Connecticut.

                                                        /s/
                                       Vanessa L. Bryant
                                       United States District Judge